Case number 23-4015 James Moyer et al. v. GEICO et al. Argument not to exceed 15 minutes per side. Mrs. Carwile, you may proceed for the appellants. Good morning, Your Honors. Tiffany Carwile on behalf of the plaintiffs. I'd like to reserve four minutes for rebuttal. As the Supreme Court held in Darden, there is no shorthand formula or magic phrase that can be applied to determine whether a person is an employee under ERISA and thus eligible for benefits. All the incidents of a relationship must be assessed and weighed with no one factor being decisive. Do you agree that somebody can be a common law employee but still not be entitled to benefits under a specific plan? That is possible, Your Honor. However, it would have to be. And it would depend on the language of the plans, right? Correct. But it would depend not on whether they were an employee versus an independent contractor. For example, if there is a plan that says all employees in California can receive benefits but all employees in Ohio do not receive benefits, if you're an employee in Ohio, then you're not going to receive those benefits that are for the people in California. However, the issue here is whether the person is an employee versus an independent contractor. Are you saying that every employee is entitled to participate in the relevant plans? Is that right? Your Honor, we're not at that stage. This is a motion to dismiss the stage. I'm just trying to understand what you're pleading is. I guess I'm just trying to understand the claim. Is it a claim that under ERISA, as a matter of law, every employee who's not an independent contractor is entitled to participate in every employer plan? Or is it that in this case, under these plans, once you establish that you're an employee, you can participate in all GEICO plans? And if it's the latter, don't we need to look at the language of the plans? Your Honor, with regard to the stage we are at, which is the motion to dismiss stage, we don't know what the plans are. So, no, at this stage, we do not look at the plans because we don't know what they are. But that seems rather odd to me because in most ERISA cases, you're making a claim that you're eligible under the plans. Don't you have to be eligible under the plans? Are you pleading that you're eligible under the plans? We did plead, Your Honor. Okay, so the plans are incorporated into your complaint because you're pleading that you are eligible under the plans, right? Your Honor, with regard to the plaintiffs, they 100% had access to health insurance and life insurance through GEICO. Everybody agrees about that. I believe so, yes, Your Honor. Because that's what those plans say. Well, yes. So our complaint says that the call center employees, who are insurance agents that work for GEICO, have access to other insurance, other benefits that the field agents do not. They do the exact same job. They have the exact same duties. But GEICO treats them differently based on what they classify, one group as independent contractors and one group as employees. But in your example, there's no particular reason that California should be treated differently than Ohio. It just happens that they do for whatever good and sufficient business reasons. I mean, do you have an argument that you have to treat field agents exactly the same as call center agents, even if they're all employees? If they are employees, then they would have to be treated as the employees. But does the plan say this is what all employees get, or does it say this is what certain people get and field agents don't get them? Your Honor, with regard to the plans, what was submitted to us based on what the district court requested were documents that had red lines, that had electronic comments, that had handwritten notes on them. We do not know what the operative plans are, and we are at the motion to dismiss. Do you think the declarant then is lying? Is there perjury here? The declarant said to the best of his knowledge. The declarant did not say that he was the plan administrator. He did not say that he knew this for sure. He said to the best of his knowledge, these were the – But what if these are people who work for him? Doesn't he say that? I mean, he got it. When you go up the chain, you got to get stuff from people under you usually. Your Honor, we are at a motion to dismiss stage. You can't accept a declaration at the motion to dismiss stage to rule on our motion to dismiss. Declaration under oath to which you offered no contrary evidence. Because we're at the motion to dismiss stage. There is no requirement to offer evidence, and the district court didn't allow us to do discovery. The discovery was stayed, and we weren't allowed to do any discovery on that issue. Did you give to them or to us any idea of what kind of discovery you would want? Are you going to try to talk to the secretaries under Mr. Mazayook? We requested, following the civil procedure rule, filed the affidavit with the information that we would want with regard to the declaration and with regard to the plans. The district court ignored that and said that they're – What was that? Well, we would want to be able to take a deposition to verify when the documents that purported to be the plans were in effect, because we have multiple years that the field agents have been involved in this matter. We also wanted to understand why some of them had red lines, why some of them had electronic comments, why some of them had handwritten notes. We don't know what's going on with these plans because we're at a motion to dismiss stage, and they're not acceptable because we have challenged their authenticity. The district court is unable to take testimony. In the declaration, while it's under oath, it's still hearsay, and that's not an appropriate document to consider at this stage. So what should we do? We should remand for limited discovery on the authenticity of these documents, and if you can make a good-faith argument that they aren't what the defendant is saying they are, then the case can go forward to full discovery and whatever. It just seems like a waste that if the documents are authentic and they are what they are, it seems to me that you really don't have a claim, and it would be a waste to force the defendant to go through full discovery just to figure out that these are, in fact, the documents. Your Honor, even if the documents are what they are, the motion to dismiss should not have been granted because if the plaintiffs are employees, then they need to be treated the same as the call center employees because they do the exact same job. But I don't understand that argument. I guess I'm still struggling with is that an ERISA argument? Is that under the law of ERISA, or is that under the language of these plans? I'm still confused as to what your argument is. The argument is that under ERISA, that we have a claim to benefits because a participant is an employee who is eligible for any type of benefit. We are alleging that we are employees, and so that we are then eligible for the type of benefits that other GEICO employees are entitled to. So you're saying that under ERISA, basically, there's a nondiscrimination principle that all employers under ERISA must grant the same benefits to certain kinds of employees, common law employees, because obviously that's not the law of ERISA. Do you agree with that? I agree. So companies can discriminate with who gets benefits and not. So what's different about this case? What's different is that we started off as an independent contractor, and since that time when they became an independent contractor, they have started to treat the independent contractors as employees. In what regard? This plan seems unusual, if we buy it, that that's the plan. It's unusual in that it's very explicit to say something to the effect of, field agents are not employees. I don't understand the question. I'm sorry, Your Honor. I thought that the plan had language in it that was explicitly eliminated your clients from. When we look at ERISA, the statutes and the cases have been clear that how the parties label each other, so how GEICO labels our plaintiffs, is not determinative. You still have to do all of the Darden factors, and we alleged in our complaint, and they did not challenge in the motion to dismiss, that the analysis of those Darden factors pushes us over the edge into employee status. What's the next step? So let's say you're an employee now. Ten years ago you weren't. Now you are. How do I know that you're eligible for benefits now in the retirement plan, not just the health insurance? Where do I look to see, yes, you are now entitled to benefits? You would look at the plan, and the plan says employees. The plan is not in the record. I can't look at the plan. Well, we're not there yet, Your Honor. We're not here to determine whether we are eligible, whether we have the entire merits of the case. They did not raise a 12B6 on whether we can meet the employee standard. They raised a statutory standing issue, whether we are a participant under the plan. Okay, let me ask you this then. Why under the plan, which your agreement, the independent contractor agreement, seems to specifically exclude you from participation in these plans, other than what the company lets you do, why are you now eligible? Like why does the employee status then negate all of the other language? Because that's what the cases say, is that when you move into treating an independent contractor as an employee, then you have to pay them, you have to give them benefits as an employee. So in the plan, it says employees get X, Y, and Z. So if they are now an employee, they get X, Y, and Z. And so our position is these people are now employees, and so they get those benefits that they're entitled to as employees. Okay, thank you. You'll have your rebuttal time. Thank you, Your Honor. Good morning. May it please the Court, my name is Jennifer Riley, and I represent the defendants in this matter, who I will collectively call GEICO. Plaintiff's core complaint in this case seems to be that GEICO adopted benefit plans that extended benefits to certain people and did not extend benefits to other people. Yet this is what ERISA unequivocally allows. ERISA does not require employers to adopt benefit plans at all, and if employers decide to adopt benefit plans, it does not require those employers to extend benefits to their entire workforce. I take it their argument is that they now meet the definition of the people who are entitled to benefits under the plan, so. That seems to be what counsel suggested. That's not really what counsel has argued in either the lower court or in its briefing in this matter. But the plan language is undisputed in terms of eligibility, and the plaintiffs here are clearly uneligible under the plan. I don't think any of the plan language is undisputed, do you? I do. I think that... I mean, that's the whole point, isn't it? I guess my question is, what do we do if... if we don't consider the language of the plans, okay? Let's say there's a dispute about whether these are authentic or whatever it is. Is there still a way to affirm the district court's decision, or do we have to send it back? Well, first of all, I think that the plans are undisputed. The plans were referenced. Well, what about the red line and jazz like that? What about that? Your Honor, I'm glad you asked. The red lining appears in the summary plan documents and in plan amendments. That's unusual to submit under oath, right? And here's the plan, and it's got all these special things that suggest there's more. Let me clarify, Your Honor. The red lines appear in amendments to the plan to denote what has changed from the prior plan, and the plans on their face say what the red lines are. The red lines denote changes and amendments from the prior plan. Now, the comments, Your Honor, let's put those in a different category. The comments appear only on the summary plan document. The administrator, not GEICO, creates the summary plan document, and the summary plan document is just that. It's a summary of the plan. The plan itself is in the record as well, and the plan itself has no red lines. Why did anybody submit the extra writings that appear in the record? Summary plan documents. You could have plan documents uncluttered with extra writing, footnotes, and annotations. What's the reason to submit it in that form to the district court? Your Honor, the answer to that wasn't asked by the district court in terms of why were you over-inclusive. It was an effort to submit all relevant plan documents in an effort to be inclusive. But why didn't you submit a clean copy? Isn't there a clean copy on somebody's hard drive that you can say, here's the clean copy, here it is? Oh, and if you want a red line, here's a red line, too, so you can see what the changes were. Why is there not a clean copy? Your Honor, the documents that were submitted were authenticated by GEICO as the copies in GEICO's possession. So they don't have a clean copy? I'm not sure that's in the record, Your Honor, in terms of the ‑‑ Okay, I mean, you're being a little evasive. I'm just like, why don't we have a clean copy? It just seems like it's not that unusual. I can't help but wonder, is this everything? That's the whole reason everybody's worked up here. Well, Your Honor, there is a clean copy of the plan. The plans are clean. They're in the record. The plans, I can give you the page number ID. They're in the record as well. So the plan was clean, but you also included these extra things to say they were part of the deal at some point? The summary plan document, essentially, if a plaintiff requests ‑‑ Wait, I'm confused. I'm sorry. Are you saying there is a clean copy of the plan and a red line copy of the plan? Your Honor, I'm saying there is a clean copy of the plan in the record. There's a clean copy of ‑‑ You're saying there's a clean copy of the plan, there are red lines to the amendments, and there are comments to the summary plan documents. Is that what you're saying? That is correct. Okay. Why? So normally if we have a Rule 10, Rule 12, 56 type issue like this, the documents that are incorporated into the complaint are part of the pleadings, but we don't really have a dispute about them, whether we think it's a reasonable dispute or I don't know how you would characterize the dispute. This dispute seems to be a little bit more than just an assertion, oh, I don't believe you. It's, oh, I doubt this, and I've got some objective indicia that these aren't really the documents because it's got comments on it and red lines, and if I don't parse out which exact part it has the comments on it, then I don't know. And then we have to get external evidence. I mean, your friend on the other side is right, right? You've got a declaration. We're considering evidence. I mean, at this point, it's not just a pro forma, hey, this is the contract. This is part of the complaint, isn't it? Your Honor, the complaint itself depends on the plan documents. It refers to the plan documents. Yeah, no, I get that. In normal cases, it would depend on the plan documents, and then we'd get a clean copy of the plan documents, and nobody would be fighting about whether these were actually the plan documents, and if the other side said, oh, I don't think those are the plan documents, we would say, well, that's just an assertion. We'll go forward. In this case, they say, well, I'm not sure those are the plan documents, and, by the way, there's some writing on them, and it's a red line, and it looks like it might be a draft. So there's, like, a little bit more than you would normally have if somebody were saying these aren't the plan documents. So what do we do? Aren't we in a position where maybe we should give it back and maybe the judge could have some limited discussion? I don't think he would need to go through the whole thing again. But, okay, fine, to pose the declaring and ask some questions about whether these are the documents or not. I don't know. Test it. Well, Your Honor, I don't think that's necessary here. I also think there's a Sixth Circuit case where a similar thing occurred. It's a case called Weiner v. Cleese & Company, cited in the response brief, where the court recognized that the defendant may introduce documents if the plaintiff fails to do so. Well, we've got three cases. There are three cases that I remember. There was one. There's this Omega case. There was another one that Judge Stranch wrote that said that if the validity of the documents is challenged, then we don't automatically say that they're part of the pleadings. And then we have the two cases. Judge Gibbons wrote one of them that said, hey, they're just asserting that these aren't the documents, and that's not enough. But in our case, they're not just asserting that they aren't the documents. They are just asserting them, plus they got a little bit more. Is the little bit more enough to get them over the line to say, you can't consider them? No, Your Honor, it's not. The red lines and the comments are not on the plan documents and not on any eligibility provisions in any of the documents. The case I mentioned, Weiner, was a situation where the defendant was over-inclusive. For instance, the defendant in that case submitted summary plan documents, submitted service agreements, and the Sixth Circuit said, I don't need to look at any of those things. I'm only going to look at the plan documents, incorporate those into the record, and affirm the district court's rule. This is Weiner versus Kleis and company? That's correct, Your Honor. And as to the other cases that the plaintiff cites, you're right, the plaintiff relies on this case Owinga versus Benistar. That's another Sixth Circuit decision cited in their briefs. But in that case, what the court actually said was, is there a disputed, is there a material disputed issue of fact? Here, there is no material issue of fact. It's simply the plaintiff saying, I don't know. I haven't had discovery. As the district court correctly noted, the plaintiff hasn't come forth with any facts to show any sort of dispute. In fact, the documents here... The counsel argues, as you just have witnessed, she's arguing that these notes are enough to cause some questioning as to whether the validity remains the same. You call it over-inclusive. They say this is a hint that there could have been something more. So, hard for this court to decide that, isn't it? Well, Your Honor, I don't think so. Because again, the comments aren't on the plan documents. Right. The plaintiff is saying... The plaintiff is making an argument to try to get the case to continue. But there's no reason for the case to continue. There's no amount of discovery that's going to change those plan documents. The plan documents are clean. They're in the record. And their terms are consistent with what the plaintiff has alleged in the complaint. The plaintiff hasn't come forward with any facts that would suggest that these documents are different from what they were told or what they were represented or any other facts that would really challenge the plan documents themselves. And do you agree with essentially our questioning that under ERISA you can have plans that treat employees different? McDonald's can say the fry cooks get benefits, but the counter people don't. That may seem like a bad idea, but it's permissible. Absolutely, Your Honor. And that's kind of what you've got here, that you're saying that these field agents, whether you call them employees or independent contractors, are just not entitled under the plan. Agreed. That's absolutely correct. I would say that this case is more like a different decision that's cited in our brave corpsman versus ILWU-PMA claims office. That case is cited on pages 22 and 23 where the court held that an objection on authenticity grounds has to be legally cognizable, that a party can't just say I didn't have a chance to review or I didn't have access to the documents. That doesn't create a dispute as to authenticity. So let me go back to one of my earlier questions. If we didn't even consider the plan documents, if their complaint was that we were simply being treated differently, that would just be foreclosed by ERISA, as you and Judge Boggs just went over. If their argument was under the plan documents, we are eligible, but we don't have the plan documents, would there be an exhaustion problem anyway? Yes, Your Honor. There are many other issues that the district court below didn't reach here that would preclude the plaintiffs from going forward with this case, including that they failed to exhaust their administrative remedies. Would that be on the face of the complaint even without the text of the plan documents? Was there an exhaustion issue? Yes, Your Honor. The plaintiffs are asserting that they're entitled to benefits under the plan, which means they needed to exhaust the administrative remedies before they filed suit here. If they had exhausted their administrative remedies, they could have requested a copy of the plan and then realized that, of course, the plan excludes them from participation. As you mentioned, the plaintiffs spend a lot of energy on this misclassification issue, but the misclassification allegation isn't really even material here because to have standing under ERISA, a plaintiff has to be both an employee and a participant or eligible to participate in the plan under which the employee seeks benefits. But here, aren't they disputing that? That is, if they assert that they're eligible, doesn't that entitle them to bring a suit to find out whether they're really eligible? Well, here, Your Honor, the plain language of the plan is dispositive and it's not in dispute. The eligibility provisions are clear and they clearly… Is that standing or is that merits? I mean, isn't in every case, in every case where you're not giving somebody benefits, you're disputing that they're entitled to the benefits and they're saying we are. Well, Your Honor, even in the complaint, the plaintiffs allege that they were denied participation. They were excluded from the plan under which now they're saying they should have been included. In my example, if I say that the fry cooks get benefits and the counter people don't, a particular person who says I am a fry cook and they haven't given me benefits, you can't say they don't have standing because they haven't proved yet what it is they're asserting. Does that make sense? Well, Your Honor, in that situation, they would need to go file a claim, exhaust their administrative remedies, allow the administrator to interpret the plan to consider whether they fit the definition of eligibility. And here, of course, the plaintiffs didn't do that and the plans are clear on the face that the plaintiffs are not actually eligible to participate. In sum, I see my time is winding down. I will just say that the district court applied ERISA's statutory text correctly in concluding that the plaintiffs lacked statutory standing. It properly considered the plan terms and for those reasons, the judgment should be affirmed in full. Thank you so much for your time. Thank you, Counsel. Roboto. Your Honors, neither this court nor the Supreme Court in the Jamal case or Darden looked at the plan document to determine whether the person was an employee and then therefore eligible. What they did was look and say, are you an employee? And in those cases, they said no. But if you look at the factors, if it goes to the merits, our position in the complaint is that the factors will put us over the edge into an employee. In the purported plan documents, we do allege that if you looked at them, we would be eligible. It says, an employee shall mean any individual who is employed by the employer on a full-time basis. And that employee then gets the retirement benefits, gets the other benefits that we are alleging that we should have. So then won't you have to make a claim under the plan? Once you become an employee, you just file a claim. No, Your Honor. And we alleged that exhaustion would be futile because they have always treated the field agents as independent contractors. They are unwilling to change that position. And the position that they're taking here in litigation, which this court has considered when discussing whether exhaustion is futile, shows that exhaustion would have been futile because they're continuing to challenge whether we are eligible to participate under the plans. And so exhaustion should not be an issue here. We alleged futility. It has been shown that it would be futile. We don't even know what the plans say, so how can we say it's futile? Like I don't even, we don't, under your argument, we don't know what the plans are. We have no idea what the text says. All we know is you are saying you have a, that you're eligible under the plan. So how do we know it would be futile? I don't, I'm not sure I could conclude that. I would think you'd have to just go through the file. Well, this court's cases shows that if they, if a defendant challenges in litigation the eligibility of the individual, then exhaustion, and particularly in this type of scenario where we're saying, and one, first of all, this is a statutory issue. Are they employees under the statute? And this court's been very clear that statutory issues don't even go, that exhaustion isn't even necessary for statutory issues. But second, in those type of scenarios, this court has said that when they challenge the eligibility in litigation, then exhaustion is futile. And we alleged it. They have shown that it would have been, and so exhaustion should not be an issue for this court at this point. And further, briefly, we still had a retaliation claim for Mr. Moyer. He was a participant in the life insurance, and he had previously been a participant in the health insurance. We filed the complaint for additional benefits under the health insurance, life insurance, and the retirement, and then they terminated him. And the district court dismissed that. And that was improper because he had standing. He met all the, we alleged all the requirements that were necessary for that claim, and that should not have been dismissed at that stage. And I just want to say that ERISA does not allow a company to label people as independent contractors, then treat them as employees, but not give them the benefits that they give the exact same type of employees in their company. So we have call center employees that have health, life, and retirement benefits. They do the exact same job as these field agents. That seems to go back to the argument about my McDonald's distinction. Do you have a case that says that the courts can determine whether Ohio is similar to California? Which is, you know, the example that you seem to agree was okay for them to do. I can easily see a plaintiff saying, wait a minute, I do exactly the same job in California that they're doing in Ohio. Your Honor, I would say, I would send you to both the Darden and Jamal case. Those cases, the plaintiffs were saying, we are employees like their other employees, and therefore we're entitled to benefits. And the court did not look at it and say, oh, you don't have standing, you're not eligible. The court went through the agency factors, and in those cases determined that they weren't employees, but that was the analysis, and that's the analysis the district court should have taken. I wrote Jamal, it was a long time ago, but there I thought the distinction was that the plans said employees, quote, get this, independent contractors don't. It didn't say field agents don't get this. Do you have a case that makes the argument, I mean, what you said is an argument that makes sense as an argument that the courts should decide whether jobs are equivalent, but do you have any case that says that? Not exactly. I think Darden didn't discuss the plan documents and whether there was an individual exclusion under there. They just went straight into the factors to determine whether they're an employee. Thank you very much, Your Honors. Thank you, counsel. Thank you both for your briefs and arguments. The case will be submitted, and the court may call the next case.